DAVID A. HUBBERT
Deputy Assistant Attorney General

KELARK AZER HABASHI (DC Bar # 90009126)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
Phone: 202-353-0014
Fax:    202-307-0054
Kelark.Azer.Habashi@usdoj.gov
*Attorney for the United States of America*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>WELLS FARGO BANK N.A.,<br><br>Respondent. | Case No. **'24CV0582 DMS AHG**<br><br>UNITED STATES' PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES |

The United States of America, through undersigned counsel, petitions the Court for an order enforcing the Internal Revenue Service summonses served on Respondent Wells Fargo Bank, N.A. ("Wells Fargo") pursuant to 26 U.S.C. §§ 7602 and 7604.

In support of this petition, the United States alleges as follows:

1. This is a proceeding for judicial enforcement of an IRS summons described below.

2. The Court has jurisdiction over this proceeding pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. §§ 1340 and 1345.

3. Venue properly lies within this district pursuant to 28 U.S.C. §1391 because a substantial part of the of the events or omissions giving rise to the United States' action occurred and continue to occur within this district.

4. Diane Barnett is a Revenue Officer of the Internal Revenue Service, employed in the Small Business/Self-Employed Division in San Diego, California. Declaration of Diane Barnett ("Barnett Decl.") ¶ 1.

5. As a Revenue Officer, Ms. Barnett is (and was at all relevant times) authorized to issue IRS administrative summonses (Form 6639) pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and Internal Revenue Service Delegation Order No. 25-1 (formerly Delegation Order 4). *Id.* ¶ 5.

6. In her capacity as a Revenue Officer, Ms. Barnett is conducting an investigation into the liability of Elena Gallardo and Edgar Arevalo Garcia for Trust Fund Recovery Penalties ("TFRPs") relating to the unpaid (Form 941) employment tax liabilities that were assessed against Dolce Café Fresh Eatery Corp ("Dolce Café"). *Id.* ¶ 6. The unpaid employment tax liabilities were assessed against Dolce Café for the taxable periods ending December 31, 2021, and March 31, 2022 ("subject tax periods"). *Id.*

7. In connection with this investigation, Revenue Officer Barnett learned from IRS records that Dolce Café had a business account with Wells Fargo. *Id.* ¶ 7.

8. Accordingly, on August 3, 2023, RO Barnett mailed an IRS Letter 3164-A (Third-Party Contact) to Ms. Gallardo and an IRS Letter 3164-A letter to Mr. Garcia. *Id.* ¶ 8; *see also* Ex. 1 at 7-10. In these letters, RO Barnett advised Ms. Gallardo and Mr. Garcia that the IRS intended to contact third parties, including a bank, in relation to her investigation described in paragraph 6, above, starting on September 19, 2023, and ending on September 19, 2024. Barnett Decl. ¶ 8; *see also* Ex. 1 at 7, 9. In these letters, RO Barnett also advised Ms. Gallardo and Mr. Garcia that they have a right to request a list of the third parties contacted. Ex. 1 at 7, 9.

9. In furtherance of the investigation, described in paragraph 6, above, on August 31, 2023, RO Barnett also mailed an IRS Letter 3586 (Meeting Scheduled with Individual for TFRP Interview) to Ms. Gallardo and an IRS Letter 3586 to Mr. Garcia. Barnett Decl. ¶ 9; *see also* Ex. 2 at 12-15. In these letters, RO Barnett scheduled a meeting with Ms. Gallardo and Mr. Garcia on October 19, 2023 and requested that they provide business records of Dolce Café. The business records requested included bank signature cards, canceled checks, bank statements, and meeting minutes, among other documents. Barnett Decl. ¶ 9; *see also* Ex. 2 at 12-15. RO Barnett sought this information to ascertain whether TFRPs can be assessed against Ms. Gallardo and Mr. Garcia in relation to the unpaid employment tax liabilities of Dolce Café for the subject tax periods. Barnett Decl. ¶ 9.

10. Ms. Gallardo and Mr. Garcia did not appear to the scheduled meeting, nor did they produce any of the documents that RO Barnett requested, as described in paragraph 9, above. *See id.* Furthermore, Ms. Gallardo and Mr. Garcia did not contact RO Barnett to reschedule their meetings. *Id.*

11. Therefore, in furtherance of RO Barnett's investigation and in accordance with 26 U.S.C. § 7602, on October 19, 2024, RO Barnett issued two separate Form 6639 administrative summonses to Wells Fargo ("Summonses"). *Id.* ¶ 10; *see also* Ex. 3 at 17, 19. Pursuant to 26 U.S.C. § 7603, RO Barnett also served a copy of the Summonses by certified mail to the person it was directed (i.e., Wells Fargo) on October 19, 2023, as evidenced in the certificates of service of the Summonses included in Exhibit 3. Barnett Decl. ¶ 10; *see also* Ex. 3 at 18, 20.

12. In addition, RO Barnett served the notice required by 26 U.S.C. § 7609(a) on Ms. Gallardo and Mr. Garcia via certified mail on October 19, 2023, as evidenced in the certificate of service of the Summonses included in Exhibit 3. Barnett Decl. ¶ 11; *see also* Ex. 3 at 18, 20. RO Barnett also served the notice required by 26 U.S.C. § 7609(a) on Dolce Café via certified mail on October 19,

2023. Barnett Decl. ¶ 12; *see also* Ex. 4 at 22-31.

13. RO Barnett issued both Summonses for the purpose of determining whether TFRPs can be assessed against Ms. Gallardo and Mr. Garcia, in relation to the unpaid assessed employment tax liabilities of Dolce Café for the subject tax periods. Barnett Decl. ¶ 13.

14. Although RO Barnett issued both Summonses separately to determine whether TFRPs can be assessed against Ms. Gallardo and Mr. Garcia for the unpaid assessed employment tax liabilities of Dolce Café, the records sought in both Summonses are identical. *Id.* ¶ 14. The Summonses directed Wells Fargo to produce for examination bank signature cards, corporate resolutions, bank statements, cancelled checks, and loan related records of Dolce Café for the period of January 1, 2021 to March 31, 2022. *Id.*; *see also* Ex. 3 at 17, 19.

15. The records sought in the Summonses may assist the IRS in determining whether to assess TFRPs against Ms. Gallardo and/or Mr. Garcia relating to the unpaid assessed employment tax liabilities of Dolce Café for the subject tax years. Barnett Decl. ¶ 15. The documents and information sought in the Summonses may shed light on whether Ms. Gallardo and Mr. Garcia are responsible persons of Dolce Café for purposes of the TFRPs. *Id.* In addition, the documents and information sought may also shed light on whether Ms. Gallardo and Mr. Garcia willfully failed to pay the assessed employment tax liabilities of Dolce Café for the subject tax periods and are thus subject to TFRPs. *Id.*

16. Accordingly, the records sought in the Summonses may be relevant to RO Barnett's investigation of determining whether TFRPs can be assessed against Ms. Gallardo and/or Mr. Garcia in relation to the unpaid assessed employment tax liabilities of Dolce Café for the subject tax periods. *Id.* ¶ 16.

17. The documents and information sought by the Summonses are not in the possession of the IRS. *Id.* ¶ 17.

18. No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2),

is in effect with respect to Ms. Gallardo, Mr. Garcia, and Dolce Café for the subject tax periods under investigation. *Id.* ¶ 18.

19. All administrative steps required by the Internal Revenue Code for issuance and service of the Summonses have been followed. *Id.* ¶ 19.

20. In order to obtain enforcement of an IRS summons, the United States need only present a prima facie case of good faith showing: (1) that the summons was issued for a legitimate purpose; (2) that the summoned data may be relevant to that purpose; (3) that the information sought is not already in the IRS's possession; and (4) that all the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The United States's burden under *Powell* is a slight one and is typically satisfied by a sworn declaration from the IRS agent, who issued the summons, that the requirements for enforcement articulated in *Powell* have been met. *See Fortney v. United States,* 59 F.3d 117, 120 (9th Cir. 1995) (citing *United States v. Dynavac, Inc.,* 6 F.3d 1407, 1414 (9th Cir. 1993)); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993)).

21. As evidenced by the Declaration of RO Diane Banett and Exhibits 1-4, which are being filed concurrently herewith, the United States has met the requirements for enforcement of the Summonses as articulated in *Powell*.

22. Since October 23, 2023, however, Wells Fargo has been consistently refusing to produce the records sought in the Summonses. Barnett Decl. ¶ 20. The last response that RO Barnett received from Wells Fargo regarding their refusal to produce the records sought in the Summonses was a letter, dated January 3, 2024. Barnett Decl. ¶ 21, Ex. 5 at 33-34.

23. In the letter, described in paragraph 22, above, Well Fargo has refused to produce the records sought in the Summonses on the grounds that producing the records sought in the Summonses without receiving the Right to Financial Privacy Act's ("RFPA") Certificate of Compliance or something akin to it would violate

PETITION TO ENFORCE IRS SUMMONSES             5

the RFPA. *See* Ex. 3 at 33-34.

24. The RFPA prohibits financial institutions from supplying the government with certain information about their customers' financial records unless certain conditions are met: for instance, the customer authorizes the disclosure of such information or the government obtains a valid subpoena or warrant. *See* 12 U.S.C. § 3402.

25. However, the RFPA does not pertain to an IRS summons. The RFPA explicitly exempts the "disclosure of financial records in accordance with procedures authorized by Title 26." 12 U.S.C. § 3413(c). The Ninth Circuit has interpreted this provision to mean that IRS summonses are exempt from the RFPA's dictates, provided that the IRS followed the appropriate Internal Revenue Code procedures. S*ee, e.g.*, *Lidas, Inc. v. United States*, 238 F.3d 1076, 1083 (9th Cir. 2001); *see also Presley v. United States*, 895 F.3d 1284, 1292 (11th Cir. 2018).

26. As evidenced by the Declaration of Revenue Officer Diane Banett and Exhibits 1-4, the IRS followed all the administrative steps required by the Internal Revenue Code for issuance and service of the Summonses. Accordingly, the RFPA's dictates are inapplicable to the Summonses. Therefore, the defense provided by Wells Fargo to the IRS, as described in paragraph 23, above, would not overcome the United States' *prima facie* showing of the Summonses' validity.

WHEREFORE, Petitioner, the United States of America, seeks the following relief:

A. An order directing Wells Fargo to show cause in writing why it should not fully comply with and obey the Summonses;

B. An order directing Wells Fargo or an authorized person designated by Wells Fargo to appear before Revenue Officer Diane Barnett, or any other appropriate officer of the Internal Revenue Service, and produce for examination the records sought in the Summonses;

C. An order granting the United States of America its costs in this action;

and

D. Such other relief as the Court deems proper.

Respectfully submitted,

Dated: March 27, 2024

DAVID A. HUBBERT
Deputy Assistant Attorney General

*s/ Kelark Azer Habashi*
KELARK AZER HABASHI
Trial Attorney, Tax Division
U.S. Department of Justice